**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CATLAIN G.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 5:25-CV-1221 (PJE)

---

**APPEARANCES:** **OF COUNSEL:**

Amdursky, Pelky Law Firm
26 East Oneida Street
Oswego, New York 13126
Attorneys for plaintiff

AMY CHADWICK, ESQ.

Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for defendant

KRISTINA D. COHN, ESQ.

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER[1]

Catlain G.[2] ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of the Social Security Administration ("the

---

[1] Parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, L.R. 72.2(b), L.R. 72.3(b), and General Order 18. *See* Dkt. No. 5.

[2] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Report-Recommendation and Order will identify plaintiff's last name by initial only.

Commissioner") denying her application for supplemental security income ("SSI"). *See* Dkt. No. 1. Plaintiff moved for the Commissioner's decision to be vacated and remanded for further proceedings. *See* Dkt. No. 9. The Commissioner moved for the decision to be affirmed. *See* Dkt. No.10.[3] Plaintiff's cross-motion is granted, the Commissioner's cross-motion is denied, and the Commissioner's decision is vacated and remanded for further proceedings.

## I. **Background**

On June 3, 2022, plaintiff filed a Title XVI application for SSI benefits, alleging disability onset date of January 1, 2019. *See* T. at 247-53.[4] On November 10, 2022, the Social Security Administration ("SSA") denied plaintiff's claim. *See id.* at 131-37. Plaintiff sought reconsideration, which the SSA denied on July 11, 2023. *See id.* at 138, 144-51. Plaintiff appealed and requested a hearing. *See id*. at 152. On July 23, 2024, a hearing was held before Administrative Law Judge ("ALJ") Jennifer Smith. *See id.* at 52-100. On July 29, 2024, the ALJ issued an unfavorable decision. *See id.* at 12-41. On July 8, 2025, the Appeals Council affirmed the ALJ's determination, and the decision became final. *See id*. at 1-6. Plaintiff commenced this action on September 4, 2025. *See* Dkt. No. 1.

## II. **Legal Standards**

### A. **Standard of Review**

[3] This matter has been dealt with in accordance with General Order 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

[4] "T." followed by a number refers to the pages of the administrative transcript. *See* Dkt. No. 8. Citations to the administrative transcript refer to the pagination in the bottom, right-hand corner of the page. Citations to the parties' briefs refers to the pagination generated by the Court's electronic filing and case management program located at the header of each page.

"In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled." *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652 (BKS/CFH), 2024 WL 4217371, at *1 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted,* No. 1:23-CV-652 (BKS/CFH), 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024) (citing 42 U.S.C. §§ 405(g), 1388(c)(3)); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). "Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence." *Id.* (citing *Johnson v. Bowen*, 817 F.2d 983, 985-86 (2d Cir. 1987)); *see also Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). "Substantial evidence is 'more than a mere scintilla,' meaning that in the record one can find 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))). "The substantial evidence standard is a very deferential standard of review . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would have to conclude otherwise." *Id*. (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)) (internal quotation marks omitted). "Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably supported by substantial evidence." *Id.* (citing *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson*, 817 F.2d at 986)). "However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained 'even where substantial evidence may support the plaintiff's

position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's].'" *Id*. (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

B. **Determination of Disability**

"Every individual who is under a disability shall be entitled to a disability . . . benefit . . . ." 42 U.S.C. § 423(a)(1)(E). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" *Id.* § 423(d)(1)(A). "A medically-determinable impairment is an affliction that is so severe that it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based upon age, education, and work experience." *Joseph J. B.*, 2024 WL 4217371, at *2 (citing 42 U.S.C. § 423(d)(2)(A)). "Such an impairment must be supported by 'medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citing 42 U.S.C. § 423(d)(3)). "Additionally, the severity of the impairment is 'based on objective medical facts, diagnoses[,] or medical opinions inferable from [the] facts, subjective complaints of pain or disability, and educational background, age, and work experience.'" *Id.* (quoting *Ventura v. Barnhart*, No. 04-CV-9018 (NRB), 2006 WL 399458, at *3 (S.D.N.Y. Feb. 21, 2006) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983))).

The Second Circuit employs a five-step analysis, based on 20 C.F.R. § 404.1520, to determine whether an individual is entitled to disability benefits:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform . . .

*Berry*, 675 F.2d at 467 (spacing added). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Joseph J. B.*, 2024 WL 4217371, at *2 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003)). "The plaintiff bears the initial burden of proof to establish each of the first four steps." *Id*. (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing *Berry*, 675 F.2d at 467)). "If the inquiry progresses to the fifth step, the burden shifts to the Commissioner to prove that the plaintiff is still able to engage in gainful employment somewhere." *Id.* (citing *DeChirico*, 134 F.3d at 1180 (citing *Berry*, 675 F.2d at 467)).

## III. **The ALJ's Decision**

Applying the five-step disability sequential evaluation, the ALJ first noted that plaintiff "has not engaged in substantial gainful activity since May 11, 2022, the application date." T. at 17. At step two, the ALJ found that plaintiff "has the following severe impairments: morbid obesity, undifferentiated connective tissue disease, inflammatory

arthritis, fibromyalgia, left ankle sprain, bilateral hand neuropathy, asthma, depressive disorder, anxiety disorder, post-traumatic stress disorder, and binge eating disorder." *Id*. At step three, the ALJ determined that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 18.

Before reaching step four, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to

> to perform light work as defined in 20 CFR 416.967(b), except [plaintiff] should not work at unprotected heights or work in close proximity to dangerous machinery or moving mechanical parts of equipment; [plaintiff] should not climb ladders, ropes, and scaffolds, balance as defined in the [Selected Characteristics of Occupations ("SCO")], kneel, crouch, and crawl; [plaintiff] can occasionally climb ramps and stairs and stoop; [plaintiff] can frequently reach, handle, finger, and feel; [plaintiff] should have no concentrated exposure to respiratory irritants such as dust, odors, fumes, and gases, wetness, extreme hot and cold temperatures, and humidity; [plaintiff] can understand, remember, and carry out simple instructions; [plaintiff] can use judgment to make simple work-related decisions; [plaintiff] should work in a job with occasional changes in the routine work setting; [plaintiff] cannot perform work requiring a specific production rate, such as an assembly line, or perform work that requires hourly quotas; [plaintiff] should have occasional contact with co-workers, supervisors, and the public; and [plaintiff] should change positions during ordinary breaks and lunch hour.

T. at 23. At step four, the ALJ determined that plaintiff "has no past relevant work." *Id*. at 34. Before reaching step five, the ALJ concluded that the "[t]ransferability of job skills is not an issue because [plaintiff] does not have past relevant work." *Id*. At step five, the ALJ determined that "[c]onsidering [plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." *Id*. at 35.

Ultimately, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, since May 11, 2022, the date the application was filed." T. at 36.

## IV. **Discussion**

### A. **Arguments**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for several reasons. *See* Dkt. No. 9 at 9-20. First, plaintiff argues that the vocational expert's ("VE") testimony is insufficient to establish the ALJ's step five determination because (1) the VE listed jobs listed that exceed her RFC limitation of following simple instructions and making simple decisions, and (2) the VE considered the number of part-time and full-time jobs available in the national economy, when the VE was only supposed to consider the total number of full-time jobs. *See id*. at 11-12. Second, plaintiff argues that ALJ failed to properly consider the supportability and consistency factors when analyzing the state agency medical and psychological consultants' and state consultative examiners' opinions. *See id*. at 13-17. Third, plaintiff asserts that the ALJ erred by concluding that she "did not meet or equal the criteria of Listings 12.04, 12.06, 12.13, or 12.05 because she had only moderate limitations in each of the paragraph B areas of mental functioning." *Id*. at 17-18. Plaintiff states that the consultative examiner Dr. Shapiro opined that she had "marked limitations" in several areas and that Dr. Shapiro's opinion is supported by her other medical records. *Id*. Fourth, plaintiff contends that the ALJ erred at step two by not considering her chronic fatigue syndrome. *See id*. at 18-19. Finally, plaintiff claims that the ALJ's RFC determination did not account for her limitations attributable to her obesity and hand and

finger condition(s), as well as any time spent off task at work due to all of her conditions. *See id*. at 19-21.

The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. *See generally* Dkt. No. 10. The Commissioner argues that ALJ properly considered and evaluated the medical opinions of record. *See id*. at 6-14. The Commissioner also argues that the ALJ (1) correctly applied plaintiff's limitations to the Listing criteria; (2) considered plaintiff's poor sleep, albeit, without using the words chronic fatigue syndrome; (3) accounted for plaintiff's obesity; and (4) credibly established plaintiff's manipulative limitations of her hands and fingers. *See id*. at 14-20. Finally, the Commissioner claims that plaintiff's assertion that she will spend time off work due to "panic attacks and fibromyalgia and inflammatory arthritis flare ups" is speculative. *Id*. at 20.

B. **ALJ's Step Two Determination**

1. **Severe Impairment**

"To qualify for benefits, [a plaintiff] must have been disabled within the meaning of the Social Security Act between the alleged onset date . . . through the date of last insured *McKinstry v. Astrue*, 511 F. App'x 110, 111 (2d Cir. 2013) (summary order) (citing *Kohler v. Astrue,* 546 F.3d 260, 265 (2d Cir.2008)); *Ashley E. v. Comm'r of Soc. Sec.*, No. 6:22-CV-299 (GTS/CFH), 2023 WL 6217792, at *4 (N.D.N.Y. Aug. 21, 2023), *report and recommendation adopted,* No. 6:22-CV-299 (GTS/CFH), 2023 WL 6215829 (N.D.N.Y. Sept. 25, 2023) (citing *Jaquish v. Comm'r of Soc. Sec.*, No. 8:16-CV-0399 (GTS), 2017 WL 3917019, at *6 (N.D.N.Y. Sept. 6, 2017) ("The relevant period for the Title II claim spans between the . . . alleged onset date to the date last insured . . ., while the relevant

period of consideration for the Title XVI application would extend years later to the date of the ALJ's decision . . . .")).

"[A]t the second step of [the] sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments 'of such severity' as to be the basis of a finding of inability to engage in any [substantial gainful employment]." *Loni S. v. Comm'r of Soc. Sec.*, No. 3:22-CV-805 (CFH), 2023 WL 4195887, at *10 (N.D.N.Y. June 27, 2023) (quoting SSR 85-28, Titles II & Xvi: Med. Impairments That Are Not Severe, 1985 WL 56856, at *3 (S.S.A. 1985); *see also* 20 C.F.R. §§ 416.920(c), 416.921. "An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." *Id*. (quoting SSR 85-28, 1985 WL 56856, at *3). "Although an impairment is not severe if it has no more than a minimal effect on an individual's physical or mental ability(ies) to do basic work activities, the possibility of several such impairments combining to produce a severe impairment must be considered." *Id.* (quoting SSR 85-28, 1985 WL 56856, at *3). "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Id.* (quoting SSR 85-28, 1985 WL 56856, at *3). "SSR 85-28 instructs that '[g]reat care should be exercised in applying the not severe impairment concept." *Id*. (quoting SSR 85-28, 1985 WL 56856, at *4). "If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process

should not end with the not severe evaluation step. Rather, it should be continued." *Id.* (quoting SSR 85-28, 1985 WL 56856, at *4)

"The claimant bears the burden of presenting evidence establishing severity." *Loni S.*, 2023 WL 4195887, at *11 (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)). "[T]he standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *Id*. (quoting *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995))). "However, the mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe." *Id*. (quoting *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 54 (S.D.N.Y. 1995))) (internal quotation marks omitted).

2. **Analysis**

As stated above, the ALJ determined at step-two, that plaintiff "has the following severe impairments: morbid obesity, undifferentiated connective tissue disease, inflammatory arthritis, fibromyalgia, left ankle sprain, bilateral hand neuropathy, asthma, depressive disorder, anxiety disorder, post-traumatic stress disorder, and binge eating disorder." T. at 17. Plaintiff argues that the ALJ erred at step two by not evaluating whether her chronic fatigue syndrome was a severe impairment. *See* Dkt. No. 9 at 18-19. The Court agrees.

Plaintiff was diagnosed with chronic fatigue syndrome in December 2018, October 2023, and March 2024. T. at 894, 952-53, 981, 987. At the time plaintiff was diagnosed with chronic fatigue syndrome, she complained of poor sleep and extreme tiredness. *See*

T. at 888, 949. The December 2018 and October 2023 treatment provider noted that plaintiff suffered from "sleep disturbance." T. at 891, 952. The December 2018 treatment provider opined that plaintiff's chronic fatigue was "persistent." T. at 894. Plaintiff's other treatment records from May 2016 and May 2023 note that she suffered from fatigue; poor sleep; difficulty falling asleep, staying asleep, and alternatively, difficulty staying awake during the day; and feeling tired all of the time. *See* T. at 528, 536, 837, 846, 871, 888, 902. Plaintiff also testified that she took naps based on her body's signals; generally, two to three times per week. *See id*. at 75-76. Moreover, plaintiff's SSA disability report listed that she took medication for chronic fatigue. *See id*. at 276.

As such, it appears plaintiff's treatment records may demonstrate at least *di minimus* evidence that plaintiff's chronic fatigue syndrome is a severe impairment that precluded her from performing "basic work activities."[5] *Loni S.*, 2023 WL 4195887, at *10-11. Therefore, the ALJ's step-two determination is not supported by substantial evidence and remand is necessary to consider whether plaintiff's chronic fatigue syndrome is a severe impairment. *See Cedric B. v. Comm'r of Soc. Sec.*, No. 22-CV-558 (MJR), 2024 WL 4834223, at *5 (W.D.N.Y. Nov. 20, 2024) (citing *Ruth H-Z. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1859 (EAW), 2022 WL 2586533, at *7 (W.D.N.Y. July 8, 2022)) (concluding that the ALJ committed error and remand was required because, although "the ALJ's step two determination is entitled to deference if it is free from error and supported by substantial evidence, . . . the ALJ's step two finding here, that Plaintiff's [conditions] were so clearly insubstantial so as to not meet the *de minimis* standard, is

[5] Although the ALJ noted that plaintiff suffered from fatigue, loss of energy, poor sleep, difficulty sleeping, and excessive daytime sleepiness, the discussion of these symptoms was in passing and about plaintiff's other conditions. *See* T. at 22, 25-26, 28-29.

not supported by substantial evidence.”); *Ruth H-Z.*, 2022 WL 2586533, at *7 (citing *Dawn Lyn C. v. Acting Comm’r of Soc. Sec.*, No. 3:20-CV-545 (TOF), 2021 WL 4398372, at *8 (D. Conn. Sept. 27, 2021) (“Viewing the record in its entirety, and considering the ‘low,’ ‘*de minimis*’ standard that applies here, the Court concludes that the ALJ’s decision to reject the Plaintiff’s claim at Step Two is not supported by substantial evidence.”).

The undersigned further concludes that, on remand, the ALJ be instructed to reevaluate plaintiff's RFC and his conclusions regarding the supportability and consistency factors addressing the state agency medical consultants, state consultative examiners, and medical source opinions of record, as the ALJ's analysis may change after analyzing plaintiff’s chronic fatigue syndrome and related limitations. *See Stephen W. C. v. Comm’r of Soc. Sec.*, No. 1:24-CV-546 (AMN/PJE), 2025 WL 2548805, at *12 (N.D.N.Y. Aug. 4, 2025), *report and recommendation adopted,* No. 1:24-CV-00546 (AMN/PJE), 2025 WL 2448196 (N.D.N.Y. Aug. 26, 2025); *see also* T. at 28-34; *Lena Nicole H. v. Comm'r of Soc. Sec.*, No. 1:23-CV-826 (MAD/TWD), 2024 WL 4133819, at *5 (N.D.N.Y. July 30, 2024) (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (“An ALJ is specifically required to explain how [he or she] considered the supportability and consistency factors for a medical opinion.”) (internal quotation marks omitted)).

The Court will not address plaintiff’s remaining arguments, which the ALJ may consider on remand. *See Devra B. B. v. Comm’r of Soc. Sec.*, No. 6:20-CV-643 (BKS), 2021 WL 4168529, at *8 (N.D.N.Y. Sept. 14, 2021) (“Because the Court has determined that remand is required, the Court does not reach Plaintiff's remaining arguments.”); *Shields v. Astrue*, No. 11-CV-2088 (FB), 2012 WL 1865505, at *3 (E.D.N.Y. May 22, 2012) (“In light of the decision to remand this case with instructions to consider new evidence

on Shields's cardiac condition, it is not necessary to address this argument."); *Mary S. v. Kijakazi*, No. 3:21-CV-1095 (RMS), 2022 WL 4074536, at *17 (D. Conn. Aug. 26, 2022) (quoting *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 94 (2d Cir. 2019) ("[S]ince the 'case must return to the agency either way for the reasons already given . . . the Commissioner will have the opportunity on remand to obviate th[ese] dispute[s] altogether by' addressing the remaining arguments on remand."); *Annunziato v. Berryhill*, No. 3:17-CV-606 (JAM), 2019 WL 156934, at *4 (D. Conn. Jan. 10, 2019) ("The ALJ shall also consider plaintiff's remaining arguments on remand.").

## V. **Conclusion**

**WHEREFORE**, for the reasons stated herein, it is hereby:

**ORDERED**, that plaintiff's cross-motion, Dkt. No. 9, is **GRANTED**; and it is further

**ORDERED**, that the Commissioner's decision is **REVERSED, and the matter REMANDED for further proceedings**; and it is

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision & Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Date: September 8, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge